## RATHBUN v. HALVORSON.
## THE PATSEA.
### No. 12963.

United States Court of Appeals
Fifth Circuit.
April 12, 1950.

Lewis H. Fogle, Jr., Miami, Fla., John D. Marsh, Miami, Fla., R. R. Saunders, Fort Lauderdale, Fla., for appellant.

David M. Turner, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and WALLER and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

In a libel for the reasonable value of work and labor done by libelant upon, and for salary or wages due him as master of, the motor vessel "Patsea", $936.00 was claimed for work and labor done, and $1335.50 ($300.00 per month for five months less a credit of $164.50) was claimed for his service as master.

Appellant, claimant below, defended by denying the claims of libelant that he had been employed to do work and labor upon, and as master of, the vessel. In addition, freely conceding that libelant had done some work on the vessel and had skippered her on a joint pleasure trip to Buffalo, New York, which they with their wives had made, claimant, pleading fully the facts on which he relied,[1] invoked the rule,[2] that, where there is no express contract as to compensation, one will not be implied where (1) there are no circumstances or conduct warranting the inference of such a promise, (2) the circumstances or conduct warrant a contrary inference, or (3) it was understood by both parties that the services were to be gratuitous.

Referred to a special commissioner, testimony was fully taken orally, and a full report was filed, in which, canvassing the contentions of the parties in the light of the

---

1. These were: that he and the libelant were friends, with boating as a common interest; that libelant and his family had lived without expense with claimant, at first in his garage apartment and later in his home, in Fort Lauderdale, Florida, after libelant's son and family had moved into the garage apartment, still without expense to them; that during this time the libelant had suggested to claimant that they and their wives take a pleasure trip in the summer of 1946, on the Yacht, "Patsea", owned by claimant; and all that libelant did on or about the boat thereafter was done pursuant to this joint pleasure venture, it being understood by both parties at all times that no compensation was expected or would be paid; that there was no agreement or understanding whatever that libelant was to be paid anything for services or assistance on his part, and that the claims of libelant for pay are unfounded afterthoughts.

2. 58 Am.Jur., "Work and Labor", Secs. 7 and 8, pp. 515–16.

contradictory testimony given by each, the commissioner determined: that libelant had been employed in helping prepare the boat for the contemplated trip; that, pursuant to such employment, he had worked approximately 625 to 650 hours; that reasonable compensation for his services was $936.00; and that he should have judgment for that amount.

On the claim for wages as master of the vessel, the commissioner sustained claimant's position that the trip on the boat was a pleasure trip, undertaken as a joint venture with no agreement or understanding that libelant was to receive pay, but, on the contrary with the understanding that he was not to do so. So finding, he recommended against libelant's claim for wages.

The district judge, adopting the report of the commissioner, gave judgment for libelant for $936.00, the amount recommended by the commissioner, with costs.

■ The claimant, appealing from the decree, and recognizing that we do, and should, accord weight and respect to findings of the trier of fact, especially where testimony was heard orally, yet insists that a fair reading of the record does not support those findings but requires findings contrary thereto, and a judgment dismissing the libel.

■ We cannot agree. What we might have determined if we had been the triers of the facts below, and whether we might have felt inclined to let the hair go with the hide and either sustain or reject throughout libelant's contention that his services were rendered for pay, or claimant's that they were intended to be, and were, gratuitous, we may not say. But we can and do hold that we find no warrant in the record for now saying that the case made for the work and labor done was not stronger than that made for the services as master, none for rejecting the findings as inconsistent, and redetermining the whole matter for ourselves.

In short, distressing as it is, this tale of a beautiful friendship gone wrong, of illusions shattered, of reposed confidence abused and betrayed, of motives and actions misunderstood, and of the trail of the serpent over them all, the matter comes to us, as it came to the commissioner, gone far beyond conciliation. We must, therefore, take it and determine it as he did, as an ordinary suit on a money demand between adversary litigants to be determined as such suits are, upon who has the right of it under controlling law and fact. We cannot treat it as a misunderstanding between friends to be conciliated and disposed of upon friendly considerations or good neighbor policies.

Viewing the controversy in this light, we cannot in the position of second guessers once removed, as we are, bring ourselves to so strongly disagree with the findings of the commissioner, who heard the witnesses orally, as to reverse the judgment of the district judge based on such findings.

The judgment is

Affirmed.